This is a suit for divorce on the ground of adultery brought by Gustav Dylla against his wife, Louise Dylla.
The testimony shows that the couple were married July 9th, 1921. While on their wedding trip, the defendant told her husband she was not going home with him. However, she did return to the home of her husband for one day, and left immediately thereafter. At the end of six weeks he went to her and asked her to return, and she told him to "go to hell." *Page 158 
The married life of the parties lasted about five and a half months; then the defendant began to pack up her belongings preparatory to leaving her husband, and during these operations she refused to occupy the same bed with her husband. When she left she spread her husband's clothes upon the floor, simulating a corpse; five wax candles and a cross surrounded the head; on a pasteboard plaque were the legends "Merry Xmas, 1921," and "Happy New Year, 1922."
The defendant admits that this arrangement of clothing was made with her knowledge, and she was present while this insulting figure was so arranged.
The petitioner and defendant went to the office of Judge Turton, a member of the bar of this state, and a judicial officer. The petitioner accused her of going about with other men. She made fun of him, called him her "Greek God" and a "sheik."
The story of the petitioner of his efforts to make his wife continue to live with him is corroborated by Judge Turton and by the testimony of one Savery.
The acts of adultery set up in the petition are shown by the testimony of the husband, Alfred Savery and Ernest Zimmerman. On the nights of August 7th, 9th and 14th, 1923, these witnesses saw the defendant and the co-respondent go out together to a theatre, return, go into the apartment of the defendant, kiss each other and then turn out the light.
The answer of the defendant to the charge that the correspondent had been in her bedroom was that her cousin, Marie Knief, was living with her mother and was sleeping with her on the nights on which the alleged adultery was committed. Her testimony is very conflicting, and, as a matter of fact, I find that she was not where she swore she was, and did not sleep with her cousin.
The testimony of the co-respondent is unworthy of belief. He admits that he often took the defendant out during the month of August and went into her apartment, but he denies the adultery. *Page 159 
One witness, Mrs. Barrow, was put upon the stand, and testified that in August, 1923, she thought that the co-respondent was living with her, but upon cross-examination she refused to state that he was really living with her. Her excitement on the stand was so great that she was withdrawn as a witness.
Considering the facts in the case, as presented in the testimony before me, I shall find, as a matter of fact, that the defendant is guilty of adultery, and I shall advise a decree accordingly.